IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Wayfarer Studios LLC, et al., <br><br> vs. <br><br> Blake Lively, et al. <br><br> No. 1:24-cv-10049-LJL (S.D.N.Y.) | Case: 1:25-mc-00060 <br> Assigned To : Leon, Richard J. <br> Assign. Date : 5/12/2025 <br> Description: Civ. Misc. (O-DECK) |

## MOTION OF VENABLE LLP TO QUASH SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Movant Venable LLP ("Venable"), a law firm and non-party to a Southern District of New York litigation, moves to quash the April 28, 2025 Subpoena to Produce Documents, Information, or Objects in a Civil Action (the "Subpoena") issued by "Consolidated Plaintiffs Wayfarer Studios LLC, et al." As grounds for this motion, Venable states as follows:

Rule 45(d)(1) of the Federal Rules of Civil Procedure requires that a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Consolidated Plaintiffs have ignored this requirement in issuing the Subpoena to Venable, a non-party law firm. Venable had nothing to do with the film at issue or any of the claims or defenses asserted in the underlying Lawsuit. There is no reason for this Subpoena other than to distract from the facts of the case and impose undue burden and expense on a non-party in violation of Rule 45.

As a starting point, the Subpoena seeks documents irrelevant to any claim or defense in the Lawsuit. Additionally, it exclusively requests the production of documents (to the extent they exist at all) in the possession of parties to the Lawsuit and/or their counsel—namely, documents involving alleged communications between (1) Venable and (2) Blake Lively and Ryan Reynolds,

RECEIVED MAY 12 2025 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

and their legal counsel. The law is clear: the proper way for Consolidated Plaintiffs to get these materials would be to *go directly to the parties in the Lawsuit*. Yet, inexplicably, the Consolidated Plaintiffs nonetheless seek documents from a non-party law firm.

This Subpoena is an end-run around the proper discovery process, does not seek any information that is relevant to the parties' claims or defenses, and is unduly burdensome. The Subpoena should be quashed.

WHEREFORE, for the foregoing reasons and those set out more fully in the accompanying Memorandum of Points and Authorities in support, Venable requests an order quashing the Subpoena.

### LCvR 7(m) Certification

Counsel for Venable and Wayfarer discussed the Motion prior to filing. Wayfarer refused to withdraw the Subpoena and opposes the relief sought herein.

### Oral Hearing Requested

Pursuant to LCvR 78.1, Venable LLP requests an oral hearing on this Motion.

Dated: May 12, 2025                                  Respectfully submitted,

**VENABLE LLP**

*/s/ J. Douglas Baldridge*
J. Douglas Baldridge (D.C. Bar No. 437678)
Katherine Wright Morrone (D.C. Bar No. 1029877)
600 Massachusetts Avenue NW
Washington, DC 20001
202-344-4000 Telephone
202-344-8300 Facsimile
jbaldridge@venable.com
kwmorrone@venable.com

2

G. Stewart Webb, Jr. (*pro hac vice forthcoming*)
750 E. Pratt Street, Suite 900
Baltimore. MD 21202
410-244-7400 Telephone
410-244-7742 Facsimile
gswebb@venable.com

## **CERTIFICATE OF SERVICE**

I hereby certify on this 12th day of May, 2025, that the Motion of Venable LLP to Quash Subpoena to Produce Documents was served by electronic mail on counsel of record in the underlying lawsuit below:

Bryan J. Freedman
Summer Benson
Theresa M. Troupson
Jason Sunshine
Liner Freedman Taitelman & Cooley, LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
sbenson@ftllp.com
ttroupson@lftcllp.com
jsunshine@lftcllp.com
*Counsel for Consolidated Plaintiffs*

Michael Gottlieb
Meryl Conant Governski
Aaron E. Nathan
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1442
mgottlieb@willkie.com
mgovernski@willkie.com
anathan@willkie.com

Katherine Mary Bolger
Sam Finn Cate-Gumpert
Davis Wright Tremaine LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 489-4068
katebolger@dwt.com
samcategumpert@dwt.com

Esra A. Hudson
Matthew F. Bruno
Stephanie Anne Roeser
Manatt, Phelps & Phillips
2049 Century Park East, Suite 1700
Los Angeles, CA 09967
(310) 312-4381
ehudson@manatt.com
mbruno@manatt.com
sroeser@manatt.com

*Counsel for Consolidated Defendants*

/s/*J. Douglas Baldridge*
J. Douglas Baldridge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Wayfarer Studios LLC, et al., <br><br> vs. <br><br> Blake Lively, et al. <br><br> No. 1:24-cv-10049-LJL (S.D.N.Y.) | Case No. _____ |

**MEMORANDUM IN SUPPORT OF MOTION OF VENABLE LLP TO QUASH
SUBPOENA TO PRODUCE DOCUMENTS**

Venable LLP ("Venable") submits this memorandum in support of its motion to quash the April 28, 2025 Subpoena to Produce Documents, Information, or Objects in a Civil Action (the "Subpoena") issued by "Consolidated Plaintiffs Wayfarer Studios, et al."[1] involving a lawsuit pending in the Southern District of New York, captioned *Wayfarer Studios LLC v. Lively*, No.1:24-cv-10049-LJL (S.D.N.Y) (the "Lawsuit"). The Lawsuit is a consolidated action involving dueling suits between the actor/director Justin Baldoni and the actress Blake Lively (among others) that has garnered nationwide media attention due to the notoriety of its participants and the allegations underlying their claims. It appears to have been fought largely in the media.

So, what does Venable have to do with that Lawsuit? Nothing. Certainly nothing that has any relevance to the claims or defenses in the Lawsuit. Indeed, Venable is a law firm based in Washington, DC that had nothing to do with the film underlying the claims and is not mentioned or referred to once in the over 500 pages of complaints filed in the Lawsuit. But even if Venable were somehow involved (again, it is not), the Subpoena suffers from a foundational defect: every single request asks for documents that, if they exist at all, would be in the possession, custody, and control of parties to the Lawsuit. That is where Wayfarer are required to go to seek these documents. Instead, Wayfarer have embarked on an unsupported fishing expedition to end-run the proper discovery process, and in so doing seek to burden a non-party law firm with no involvement in the Lawsuit or its underlying claims. Such conduct does not and cannot serve as the basis of permissible discovery requests. The Subpoena is improper, seeks irrelevant information, and is unduly burdensome. This Court should quash the Subpoena.

---

[1] The Subpoena fails to identify who the "Consolidated Plaintiffs Wayfarer Studios LLC, et al." are. Ex. A (Subpoena). It is assumed the term refers to Wayfarer Studios, LLC, Justin Baldoni ("Baldoni"), Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, and Jennifer Abel (collectively "Wayfarer").

## BACKGROUND

### A. The Underlying Lawsuit[2]

The Lawsuit is actually two consolidated actions pending in the Southern District of New York. One action was filed by the actress Blake Lively against Wayfarer Studios LLC, Justin Baldoni ("Baldoni"), Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, Jennifer Abel, Jed Wallace, and Street Relations Inc. (the "Lively Action"). The other action was filed by Wayfarer against Blake Lively, her husband (actor Ryan Reynolds), Leslie Sloane (Ms. Lively's publicist), Vision PR, Inc. (Ms. Sloane's public relations company) and the New York Times Company (the "Wayfarer Action").[3] The cases are premised on alleged misconduct that supposedly occurred during the filming, production, promotion, and aftermath of the 2024 movie *It Ends With Us* (the "Film").

In December 2024, the New York Times published an article titled: "*'We Can Bury Anyone': Inside a Hollywood Smear Machine*" (the "Article").[4] The Article detailed alleged misconduct by certain Wayfarer parties during the filming and production of the Film, and a

---

[2] All facts about the underlying Lawsuit are taken from the public filings on the Lawsuit's dockets or other publicly available sources. None has been confirmed as true by Venable, and Venable takes no position on the public allegations. Venable cites the allegations only to show that the discovery sought from Venable is irrelevant and unwarranted.

[3] Before being consolidated, the Wayfarer Action had case number 1:25-cv-449. *See* Ex. B (Wayfarer Docket). There are at least two other cases that are offshoots of the claims asserted in the Lawsuit, one pending in New York and one pending in Texas: *Stephanie Jones, Jonesworks v. Jennifer Abel, Melissa Nathan, Justin Baldoni, Wayfarer Studios LLC, and John Does 1-5*, No. 1:25-cv-779-LJL (S.D.N.Y); *Jed Wallace, Street Relations, Inc. v. Blake Lively*, No. 1:25-cv-163 (W.D. Tex.). Other related lawsuits have been filed and subsequently dismissed in California, New York, and Texas. Venable has had no involvement in or connection to the claims in any of the pending or dismissed actions.

[4] Available at https://www.nytimes.com/2024/12/21/business/media/blake-lively-justin-baldoni-it-ends-with-us.html.

3

purported smear campaign orchestrated by Wayfarer to keep the Film's lead actress (Blake Lively) from going public with that misconduct or to discredit her if she did. After the Article was published, the Lawsuit quickly followed, starting with Lively's 111-page complaint (which was subsequently amended to a 163-page complaint) alleging claims involving sexual harassment, retaliation, invasion of privacy, and emotional distress, among others, and then Wayfarer's 179-page Complaint (which was subsequently amended to a 224-page complaint and accompanying 168-page "timeline" of events) alleging claims involving extortion, defamation, interference with business relations, among others. *See* Ex. B (Wayfarer Docket entry 1); Ex. C (Lawsuit Docket, entries 1, 50, 50-1, 84). Extensive media coverage reporting on and discussing the Lawsuit also ensued. Indeed, lawyers on both sides of the dispute have been accused of improperly litigating through the press. *See* Lawsuit, Dkts. 17, 27, 43, 75; *see id.* at Dkt. 124 at 6 (Judge Liman—the S.D.N.Y judge presiding over the Lawsuit—acknowledging that the "details of this case have been closely followed by the media, and each side has accused the other of litigating the case via the media").

Despite being filed nearly five months ago, the Lawsuit is still in its early stages. Currently, motions to dismiss are pending and fully briefed as to all of Wayfarer's claims. *See* Lawsuit Dkts. 86, 87, 105, 106, 107, 121, 126, 127, 132, 133, 144, 145, 158, 160, 162, 166, 172. Judge Liman has already indicated that at least one of those motions will likely be successful. *See* Lawsuit Dkt. 118 at 2 (finding the "motion presents 'substantial grounds for dismissal'" and there was a "strong showing that [the] motion to dismiss is likely to succeed on the merits"). Upon information and belief, party document production has not even commenced as the parties are negotiating an ESI protocol and no depositions have taken place.

Venable had no involvement with the Film, the Article, or the various related actions identified in footnote 3, and does not appear anywhere in the dueling complaints in the Lawsuit. To date, Wayfarer has failed to articulate any relevance of Venable or its documents to the Lawsuit's claims or defenses.

### B. The Subpoena

Despite Venable having no discernable connection to the Film, the Article, or any of the claims or defenses in the Lawsuit, on April 28, 2025, Wayfarer issued the Subpoena. *See* Ex. A. Venable's registered agent was served with the Subpoena on April 29, 2025. *Id.* For ease of reference, each of the document requests are laid out below.

**REQUEST FOR PRODUCTION NO. 1**:

All COMMUNICATIONS between YOU, including without limitation BALDRIDGE, and the LIVELY PARTIES, including without limitation their counsel, CONCERNING the ACTION.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING COMMUNICATIONS between YOU, including without limitation BALDRIDGE, and the LIVELY PARTIES, including without limitation their counsel, CONCERNING the ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between BALDRIDGE and GOTTLIEB CONCERNING Blake Lively from June 1, 2024, to the present.

Ex. A. at 10.

The Subpoena contains the following definitions, among others:

- The terms "You" and "Your" shall mean Venable LLP and any of its partners, members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s),

5

accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

- The term "Baldridge" shall mean J. Douglas Baldridge and anyone else acting or purporting to act on his behalf or who has acted or purported to act on his behalf.[5]

- The term "Gottlieb" shall mean Michael Gottlieb and anyone else acting or purporting to act on his behalf or who has acted or purported to act on his behalf.[6]

- The term "Action" shall mean the lawsuits entitled *Blake Lively v. Wayfarer Studios, LLC et al.*, 1:24-cv-10049-LJL, and *Wayfarer Studios, LLC et al. v. Blake Lively et al.*, 1:25-cv-00449-LJL, as well as the facts and circumstances giving rise thereto.

- The term "Lively Parties" shall mean Blake Lively and Ryan Reynolds [sic] well as their employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on their behalf.

Ex. A at 3.

The Subpoena contains different / conflicting time periods, in one place requesting documents from January 1, 2022 through the date of responding to the requests (Ex. A at Instruction 22), elsewhere requesting documents from January 1, 2024 through the date of responding to the requests (Ex. A at Instruction 33), and requesting documents from June 1, 2024 through the present for Request 3.

---

[5] J. Douglas Baldridge is a partner at Venable.

[6] While not stated in the Subpoena, Venable assumes that "Michael Gottlieb" refers to the partner at Willkie Farr & Gallagher LLP—one of the attorneys of record for Blake Lively in the Lawsuit.

6

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45 requires a district court to quash a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). And Rule 45(d)(1) requires that a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Subpoenas are also subject to Federal Rule of Civil Procedure 26's general limitations on discovery and may be quashed for failing to meet Rule 26(b)(1)'s requirement that the discovery seek information relevant to the parties' claims or defenses that is proportional to the needs of the case. *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018); *Sourgoutsis v. United States Capitol Police*, 323 F.R.D. 100, 105 (D.D.C. 2017). "On a motion to quash, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings'" after which the burden shifts to the movant to demonstrate undue burden imposed by the subpoena. *Chen v. SS & C Techs., Inc.*, No. 22-cv- 2190, 2023 WL 2387112, at *3 (S.D.N.Y. Mar. 7, 2023) (citations omitted). A district court has broad discretion to determine that a subpoena imposes an undue burden. *Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 695 (D.C. Cir. 1996) (citation omitted); *Morelli v. Alters*, No. 1:19-cv-10707, 2020 WL 6508858, at *5 (S.D.N.Y. Nov. 5, 2020).

**ARGUMENT**

**A. The Subpoena Imposes an Undue Burden on a Non-Party Law Firm As the Documents (if any) may be Obtained from Parties to the Lawsuit.**

The Subpoena issued to non-party Venable is unduly burdensome in violation of Rule 45(d)(1) and should be quashed on that ground alone. All of the requested documents (to the extent any exist) are in the possession, custody, and control of parties to the Lawsuit. The proper discovery avenue for Wayfarer is a document request to the parties, not a burdensome Subpoena directed at a non-party. Wayfarer's end-run-around the parties to seek documents from a non-party

law firm should be rejected by this Court. *See Burns v. Bank of Am.*, No. 03-cv-1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process . . . .").

In assessing undue burden, courts look to Rule 26. *See Gilead Sciences, Inc. v. Khaim*, 755 F. Supp. 3d 285, 295-96 (E.D.N.Y. 2024); *Coleman v. D.C.*, 275 F.R.D. 33, 36 (D.D.C. 2011). Under Rule 26, a court "must limit" discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Additionally, "courts have held that nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome." *Tucker v. Am. Int'l Grp.*, 281 F.R.D. 85, 92 (D. Conn. 2012) (citations omitted); *see Diamond Services Mgmt Co. v. Knobbe Martens Olson & Bearl LLP*, 339 F.R.D. 334, 339 (D.D.C. 2021) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." (citations omitted)); *Arista Records LLC v. Lime Group LLC*, No. 06-cv-5936, 2011 WL 781198, at *2 (S.D.N.Y. Mar. 4, 2011) (similar). The non-party Subpoena is unduly burdensome and should be quashed.

First, assuming the information sought in the Subpoena exists, it can and should be obtained from other sources—namely, from parties in the Lawsuit. *See, e.g., Diamond Servs.*, 339 F.R.D. at 339-40 (granting motion to quash subpoena to third-party law firm where there were "more convenient sources" (i.e. the parties) for the issuing party to obtain the information sought); *Phillips & Cohen, LLP v. Thorpe*, 300 F.R.D. 16, 18-19 (D.D.C. 2013) (indicating that requesting party must first challenge discovery responses from party in the underlying action before requesting from third party); *Carvel v. Franchise Store Realty Corp.*, No. 08-cv-8938, 2011 WL 13269748, at *5 (S.D.N.Y. June 15, 2011) (quashing subpoena where issuing party "has not

8

demonstrated any need to burden non-parties with the production of [] documents, as the same documents would presumably be in the possession, custody or control of the parties to this action"); *Burns*, 2007 WL 1589437, at *14 (explaining that if "documents are available from a party" it is "preferable to have them obtained pursuant to [party discovery] rather than subpoenaing them from a non-party witness").

Here, each of the document requests in the Subpoena seeks information between Venable or one designated Venable attorney with (1) Blake Lively and Ryan Reynolds (both are parties to the Lawsuit) or (2) Michael Gottlieb (Blake Lively's—a party's—lawyer). If the information Wayfarer seeks had any relevance to the Lawsuit (it does not), Wayfarer can and should have sought the communications from the parties. All of the communications Wayfarer seeks from Venable are with a party to the Lawsuit. Those parties should be the source for obtaining any communications they had with Venable, not Venable as a non-party. This end-run around the parties is precisely the type of unjustified burden on a third-party that the Federal Rules cautions against. *See* Fed. R. Civ. P. 26, 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"); 45(d)(3)(A); *see also* cases cited *supra*. The fact that motions to dismiss all of Wayfarer's claims are currently pending, *see infra* footnote 10, is another reason Wayfarer should be required to go through party discovery first. Judge Liman may significantly limit or narrow Wayfarer's claims, and a third-party certainly should not be required to provide documents to claims that no longer exist.

Second, Wayfarer's unwarranted fishing expedition into the files of a non-party law firm with no connection to the underlying claims or defenses provides even more reason to find undue burden and quash the Subpoena. *See Diamond Servs.*, 339 F.R.D. at 339-340; *Phillips & Cohen*,

9

*LLP*, 300 F.R.D. at 18-19; *see also Smartmatic USA Corp. v. My Pillow Inc.*, No. 1:23-mc-73, 2024 WL 4650935, at *4-5 (D.D.C. Aug. 24, 2024), *R&R adopted*, No. 1:23-mc-73, 2024 WL 4606153 (D.D.C. Sept. 10, 2024) (quashing subpoena to non-party attorney); *Cohen v. Group Health Inc.*, No. 22-mc-200, 2022 WL 4534552, at *3 (S.D.N.Y. Sept. 28, 2022) ("Courts recognize a special concern about the burdens imposed on the adversary process when lawyers themselves are the subject of discovery requests."). *Diamond Services* is instructive on this point. There, a non-party law firm sought to quash a subpoena issued in an underlying litigation in Illinois that included, *inter alia*, "documents and communications with [defendant in the underlying action] or their lawyers." *See Diamond Servs. Mgmt Co. v. Knobbe Martens Olson & Bear, LLP*, No. 21-mc-0036, Dkt. 7 (Motion to Quash) at 4. In granting the non-party law firm's motion to quash, this court explained that when "alternative sources [to provide the information sought in a subpoena] are more convenient or less burdensome, those alternatives should be explored first." *Diamond Servs.*, 339 F.R.D. at 339 (cleaned up). In particular, the court found that seeking discovery from the parties and/or the parties' counsel was a "more convenient source" of the requested information. *Id.* at 339-40.[7] That conclusion was furthered by the fact that the issuing party's "hypotheticals" about what it might find provided "no justification for a wholesale fishing expedition" into the non-party law firm's files. *Id.* at 340 ("Discovery [ ] is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.") (quoting *Cleveland-Goins v. City of New York*, No. 99-cv-1109, 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999)).

---

[7] Unlike here where there is no relevance to Wayfarer's requests, in *Diamond Services* the Court found that the requests—centered around patent applications—were relevant to the underlying breach of patent-licensing agreement claim. *Diamond Servs.*, 339 F.R.D. at 336-38. Even so, the court still quashed the subpoena issued to a non-party law firm for the reasons explained herein.

So too here. The documents Wayfarer seeks from a non-party law firm, Venable, should all be in the possession of, and obtainable from, parties to the Lawsuit (again, assuming they exist). Moreover, Wayfarer has failed to articulate any basis for their requests to Venable, making the Subpoena nothing more than a "wholesale fishing expedition" and end-run around proper discovery procedures.[8] The Subpoena should be quashed.

### B. The Subpoena Does Not Seek Relevant Information.

Another basis for quashing the Subpoena to Venable is relevancy, which is also a factor in assessing burden. The less relevant the documents, the more burdensome the Subpoena. *See, e.g., Morelli*, 2020 WL 6508858, at *4 ("A subpoena that pursues material with little apparent or likely relevance to the subject matter is likely to be quashed as unreasonable even where the burden of compliance would not be onerous."). Here, Venable, and any documents in its possession, custody, and control, are irrelevant to the claims and defenses in the Lawsuit. "Because Rule 45 incorporates the Rule 26 relevancy requirement," on a motion to quash courts must consider "'whether the discovery sought is relevant to a party's claim or defense in the underlying litigation.'" *Diamond Servs.*, 339 F.R.D. at 338 (quoting *BuzzFeed, Inc. v. U.S. Dep't of Just.*, 318 F. Supp. 3d 347, 356

---

[8] The Subpoena is also impermissibly vague and overly broad / unduly burdensome on its face. For example, the Subpoena seeks documents from "Venable LLP"—which includes every single one of the 800+ attorneys and hundreds of other employees at the firm, as well as anyone acting on their behalf—over a three-and-a-half year time period or a one-and-a-half year time period. *See* Ex. A. at 3, Instructions 22, 33 (applying a time period of January 1, 2022 through May 2025 (Instruction 22) and a time period of January 1, 2024 through May 2025 (Instruction 33)). The shear over-breadth of the Subpoena warrants quashing as well, and is certainly not proportional to the needs of the Lawsuit. *See, e.g., Gilead Sciences*, 755 F. Supp. 3d at 297-99 (quashing subpoena as not proportional to the needs of the case where time frame and breadth of requests were overbroad and based on pure speculation); *Lively v. Wayfarer Studios, LLC*, No. 24-cv-10049, 2025 WL 662896, at *2 (S.D.N.Y. Feb. 28, 2025) (similar finding in the underlying Lawsuit); *McGlade v. MMA Global Holdings, Corp.*, No. 22-cv-4637, 2022 WL 17812662, at *3 (S.D.N.Y. Dec. 12, 2022) (admonishing issuing party for third-party subpoena requests that were "overbroad on their face").

(D.D.C. 2018)). Venable is not a party to the Lawsuit. It has no personal knowledge of the facts underlying the Lawsuit. It had no involvement in or connection to the Film, its production, filming, editing, or promotion. It had no involvement in or connection to the Article that sparked the filing of the Lawsuit. Venable simply has no discoverable information about the Lawsuit. The Court should quash the Subpoena on this independent basis.

The specific document requests to Venable show that there is no relevance to what Wayfarer seeks. The document requests ask for (1) all documents and communications between Venable on the one hand and Blake Lively and Ryan Reynolds on the other about the Lawsuit; and (2) all communications between J. Douglas Baldridge (a Venable partner) and Michael Gottlieb (a lawyer at a different law firm representing Blake Lively) about Blake Lively. What is missing is any connection to Wayfarer's claims or defenses: sexual harassment and/or retaliation throughout the course of the Film's production and promotion (Lively claims), or extortion and/or defamation throughout work on the Film and promotion thereof (Wayfarer claims). That is because Venable has no connection to the underlying claims, and this is merely a "classic fishing expedition" that "pursues material with little apparent or likely relevance to the subject matter" of the Lawsuit. *Morelli*, 2020 WL 6508858, at *6; *see Phillips & Cohen, LLP*, 300 F.R.D. at 18 (quashing subpoena against law firm seeking "documents which are of no conceivable relevance" in the underlying action).

To date, Wayfarer has not articulated any basis for the Subpoena or explained what relevance Venable's documents may have to the Lawsuit.[9] Wayfarer has not met its burden of

---

[9] On Thursday May 8, 2025 at 9:33PM, attorneys for Wayfarer sent J. Douglas Baldridge a different third-party subpoena directed to one of Venable's clients, and asked Mr. Baldridge if he was authorized to accept service on behalf of that client. To date, Wayfarer has not asserted that Venable has relevant information to the underlying claims and defenses due to its representation of a client, nor would such an assertion be proper.

12

demonstrating relevance, and the Subpoena to Venable should be quashed. *See Smartmatic*, 2024 WL 4650935, at *3-5 (noting that the "serving party bears the burden to establish relevance" and quashing subpoena to attorney due to irrelevance because attorney did not have direct or personal knowledge of the defamatory statements at issue); *Chen*, 2023 WL 2387112, at *4-5; *Varbero v. Belesis*, No. 20-cv-2538, 2020 WL 7043503, at *2-3 (S.D.N.Y. Dec. 1, 2020) (explaining courts' "concern[s] about the burdens imposed on the adversary process when lawyers themselves are the subject of discovery requests" and quashing subpoena where party could not demonstrate that the documents sought from non-party attorney were "of more than marginal relevance"); *Phillips & Cohen, LLP*, 300 F.R.D. at 18-19; *Manolis v. Brecher*, No. 11-cv-2570, 2013 WL 4044808, at *3 (S.D.N.Y. Aug. 9, 2013) (quashing third-party subpoena where the requested documents "are plainly irrelevant and immaterial to the issues remaining in this action").[10]

## CONCLUSION

For the foregoing reasons, Venable LLP respectfully requests that the Court grant its motion and quash the Subpoena.

---

[10] Even assuming Wayfarer could articulate some relevance to Venable's documents (again, they cannot), any relevance finding should be stayed until after the pending motions to dismiss in the Lawsuit are resolved. Each of the defendants in the Wayfarer Suit have moved to dismiss the claims against them in their entirety; those motions are fully briefed and awaiting decision. Lawsuit Dkts. 86, 87, 105, 106, 107, 121, 126, 127, 132, 133, 144, 145, 158, 160, 162, 166, 172. Judge Liman has already indicated that he will likely grant one of those motions. Lawsuit Dkt. 118 at 2. Even if Wayfarer's claims are not dismissed entirely, the motion to dismiss decisions will narrow and clarify the remaining claims, which, of course, will affect the determination of what is relevant to any party's claim or defense.

Dated: May 12, 2025						Respectfully submitted,

							**VENABLE LLP**

							/s/ *J. Douglas Baldridge*
							J. Douglas Baldridge (D.C. Bar No. 437678)
							Katherine Wright Morrone (D.C. Bar No. 1029877)
							600 Massachusetts Avenue NW
							Washington, DC 20001
							202-344-4000 Telephone
							202-344-8300 Facsimile
							jbaldridge@venable.com
							kwmorrone@venable.com

							G. Stewart Webb, Jr. (*pro hac vice forthcoming*)
							750 E. Pratt Street, Suite 900
							Baltimore, MD 21202
							410-244-7400 Telephone
							410-244-7742 Facsimile
							gswebb@venable.com