## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Venable LLP, | |
| Petitioner, | Case No. 1:25-mc-00060-RJL |
| v. | |
| Wayfarer Studios LLC, et al., | |
| Respondents. | |

## MOTION OF BLAKE LIVELY AND RYAN REYNOLDS TO INTERVENE AND QUASH THE SUBPOENA ISSUED TO VENABLE LLP

Pursuant to Federal Rules of Civil Procedure 24, 26, and 45(d)(3), Blake Lively and Ryan Reynolds (the "Lively Parties") move to (i) intervene in this matter to quash a third-party subpoena *duces tecum*, served on Venable LLP ("Venable") by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie, LLC, Steve Sarowitz, Melissa Nathan, and Jennifer Abel (cumulatively, the "Wayfarer Parties") in the consolidated cases captioned *Lively v. Wayfarer Studios*, *et al.*, 1:24-cv-10049 (S.D.N.Y.) and *Wayfarer Studios LLC v. Lively, et al.*, 1:25-cv-00449 (S.D.N.Y.) (the "Subpoena"); (ii) join Venable's motion to quash; and (iii) quash the Subpoena, or, in the alternative, seek entry of a protective order.

The Lively Parties have a substantial interest in the subject of this action, and the Court's disposition of the action my impair or impede the Lively Parties' ability to protect their interest. The Lively Parties seek to intervene to challenge a subpoena that requests documents, to the extent relevant at all, that may contain the Lively Parties' confidential information and their counsel's work product. The Court should quash the Subpoena or otherwise enter a protective order.

Counsel for the Lively Parties have conferred with counsel for Venable and for the Wayfarer Parties prior to filing. Venable does not oppose the Lively Parties' motion to intervene.

Counsel for the Wayfarer Parties did not respond to a request for their position as to the motion to intervene, and their position remains unknown. In response to the Lively Parties' attempts to confer with the Wayfarer Parties regarding the subpoena, the Wayfarer Parties did not substantively engage, as further discussed in the memorandum of law accompanying this Motion, which has led the Lively Parties to conclude that they are at an impasse and that further attempts to confer would be unsuccessful.

WHEREFORE, for the foregoing reasons and those set out more fully in the accompanying Memorandum of Law, Blake Lively and Ryan Reynolds request an order granting their motion to intervene and quashing the subpoena to Venable LLP, or in the alternative for a protective order.

Pursuant to LCvR 78.1, the Lively Parties respectfully request an oral hearing on this Motion.

Dated: May 13, 2025

Respectfully submitted,

/s/ Meryl C. Governski
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Kristin E. Bender (1630559)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan (1047269)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025, a true and correct copy of the foregoing Notice of Appearance was served via email on counsel of record in the underlying action, as identified below:

VENABLE LLP
James Douglas Baldridge
Katherine Wright Morrone
600 Massachusetts Ave NW
Washington, DC 20004
202-344-4000
jbaldridge@venable.com
kmwright@venable.com

*Counsel for Venable LLP*

JACKSON WALKER, LLP
Charles L. Babcock
Joel R. Glover
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4210
cbabcock@jw.com
jglover@jw.com

*Counsel for Jed Wallace and Street Relations, Inc.*

DAVIS WRIGHT TREMAINE LLP
Katherine Mary Bolger
1251 Avenue of the Americas
New York, NY 10020
(212) 489-4068
katebolger@dwt.com

Sam Finn Cate-Gumpert
50 California Street, 23rd Floor
San Francisco, CA 94111
(415) 276-6599
samcategumpert@dwt.com

*Counsel for The New York Times Company*

LINER FREEDMAN TAITELMAN
& COOLEY LLP
Bryan J. Freedman
Theresa M. Troupson
Summer Benson
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@ftllp.com
sbenson@ftllp.com
ttroupson@lftcllp.com
jsunshine@lftcllp.com

MEISTER SEELIG & FEIN LLP
Mitchell Schuster
Kevin A. Fritz
Stacey Michelle Ashby
Amit Shertzer
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
ms@msflaw.com
kaf@msf-law.com
as@msf-law.com
sma@msf-law.com

AHOURAIAN LAW
Mitra Ahouraian
2029 Century Park East, Ste 4th Floor
Los Angeles, CA 90067
(310) 867-2777
mitra@ahouraianlaw.com

*Counsel for Wayfarer Studios LLC, Justin Bald[...] Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, and Jennifer Abel, and Defendant The Agency Group PR LLC*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kristin Tahler
865 Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
kristintahler@quinnemanuel.com
Maaren A. Shah
Danielle Lazarus
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
maarenshah@quinnemanuel.com
daniellelazarus@quinnemanuel.com

Nicholas Inns
1300 I St NW, Suite 900
Washington, DC 20005
(212) 774-6147
nicholasinns@quinnemanuel.com

*Counsel for Jonesworks, LLC*

BOIES SCHILLER FLEXNER LLP
Sigrid S. McCawley
Andrew Villacastin
Lindsey Ruff
55 Hudson Yards
New York, NY 10001
(212) 446-2300
smccawley@bsfllp.com
avillacastin@bsfllp.com
lruff@bsfllp.com

*Counsel for Leslie Sloane and Vision PR, Inc.*

/s/ Meryl C. Governski
Meryl C. Governski

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Venable LLP,

                Petitioner,

v.

Wayfarer Studios LLC, et al,

                Respondent.

Case No. 1:25-mc-00060-RJL

**MEMORANDUM OF LAW IN SUPPORT OF
BLAKE LIVELY'S AND RYAN REYNOLDS'S MOTION TO INTERVENE AND
QUASH THE SUBPOENA ISSUED TO VENABLE LLP**

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS....................................................................................................i

TABLE OF AUTHORITIES............................................................................................ii

INTRODUCTION............................................................................................................1

BACKGROUND...............................................................................................................2

      A.    Ms. Lively Initiated The Lively Action To Seek Accountability For Sexual
           Harassment And A Retaliation Campaign Designed to "Bury" Her....................2

      B.    Certain Of The Wayfarer Parties Initiated Their Own Action, And Served The
           Subpoena On Venable Seeking The Communications Of Ms. Lively's Lawyers..4

LEGAL STANDARD .......................................................................................................7

ARGUMENT .....................................................................................................................7

I.     THE LIVELY PARTIES ARE ENTITLED TO INTERVENE IN THESE
      PROCEEDINGS TO CHALLENGE THE SUBPOENA..............................................7

      A.    The Lively Parties Are Entitled To Intervene As A Matter Of Right Under Rule
           24(a)............................................................................................................7

      B.    In The Alternative, This Court Should Permit The Lively Parties To Intervene
           Under Rule 24(b)...................................................................................... 10

II.    THE LIVELY PARTIES JOIN IN THE VENABLE MOTION, AND MOVE THE
      COURT TO QUASH THE SUBPOENA FOR THE REASONS ARTICULATED
      THEREIN................................................................................................................11

III.   IN THE ALTERNATIVE, THE COURT SHOULD ENTER A PROTECTIVE ORDER
      TO PROTECT THE LIVELY PARTIES' INTERESTS..............................................14

CONCLUSION ..............................................................................................................15

<u>**TABLE OF AUTHORITIES**</u>

**Cases**                                                                                                                        **Page(s)**

*100Reporters LLC v. D.O.J.*,
    307 F.R.D. 269 (D.D.C. 2014)..................................................................8, 9, 11

*Albany Molecular Rsch., Inc. v. Schloemer*,
    274 F.R.D. 22 (D.D.C. 2011) .....................................................................8, 13

*Alexander v. F.B.I.*,
    186 F.R.D. 21 (D.D.C. 1998) ........................................................................ 9

*Andrades v. Holder*,
    286 F.R.D. 64 (D.D.C. 2012) ........................................................................ 7

*Convertino v. D.O.J.*,
    674 F. Supp. 2d 97 (D.D.C. 2009) .............................................................. 11

*Danzy v. IATSE Loc. 22*,
    No. CV1702083RCLRMM, 2020 WL 6887651 (D.D.C. Nov. 23, 2020) ........................... 14

*Davidson v. Gov't Emps. Ins. Co.*,
    No. 8:09-CV-727-T-33MAP, 2010 WL 11507180 (M.D. Fla. Mar. 19, 2010)..................... 14

*Dimond v. District of Columbia*,
    792 F.2d 179 (D.C. Cir. 1986)..................................................................... 10

*DNC Parks & Resorts at Yosemite, Inc. v. United States*,
    137 Fed. Cl. 708 (2018) ............................................................................. 14

*Elec. Priv. Info. Ctr. v. F.T.C.*,
    2019 WL 11307643 (D.D.C. Aug. 28, 2019)................................................... 11

*Fund for Animals, Inc. v. Norton*,
    322 F.3d 728 (D.C. Cir. 2003)..................................................................... 10

*In re Gold King Mine Release in San Juan Cnty., Colorado on Aug. 5, 2015*,
    No. 1:18-MD-02824-WJ, 2022 WL 5178406 (D.N.M. Mar. 30, 2022)............................. 14

*In re Non-Party Subpoena to Ctr. for Study of Soc. Pol'y*,
    659 F. Supp. 3d 54 (D.D.C. Mar. 7, 2023) ....................................................... 12

*Lively v. Wayfarer Studios LLC*,
    2025 WL 662896 (S.D.N.Y. Feb. 28, 2025)..................................................... 13

*Mallak v. Aitkin Cnty.*,
    No. 13-CV-2119, 2016 WL 9088760 (D. Minn. Dec. 22, 2016)......................................... 15

*MGM Global Resorts Dev. v. U.S. Dep't of the Interior*,
2020 WL 5545496 (D.D.C. Sept. 16, 2020) ........................................................ 10

*In re Non-Party Subpoena to Ctr. for Study of Soc. Pol'y*,
659 F. Supp. 3d 54 (D.D.C. Mar. 7, 2023) ........................................................ 12

*Northrop Corp. v. McDonnell Douglas Corp.*,
751 F.2d 395 (D.C. Cir. 1984) ........................................................................... 7

*Nuesse v. Camp*,
385 F.2d 694 (D.C. Cir. 1967) ......................................................................... 10

*Petty v. Am. Fed'n of Gov't Emps.*,
No. CV 21-3161 (CKK), 2022 WL 22716556 (D.D.C. Jan. 21, 2022) .................... 7

*Phillips & Cohen, LLP v. Thorpe*,
300 F.R.D. 16 (D.D.C. 2013) ........................................................................... 12

*Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*,
331 F.R.D. 5 (D.D.C. 2019) ............................................................................. 11

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20 (1984) ........................................................................................... 7

*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak*,
276 F.R.D. 376 (D.D.C. 2011) ......................................................................... 12

*Sussman v. Financial Guards, LLC*,
No. 15-CV-2373, 2017 WL 11672894 (E.D. La. Dec. 12, 2017) ......................... 13

*True the Vote, Inc. v. I.R.S.*,
2024 WL 2803332 (D.D.C. May 31, 2014) ........................................................ 11

*United States v. AT&T*,
642 F.2d 1285 (D.C. Cir. 1980) ......................................................................... 9

*Washington v. Thurgood Marshall Acad.*,
230 F.R.D. 18 (D.D.C. 2005) ........................................................................... 14

*Western Org. of Res. Council v. Jewell*,
2015 WL 13711094 (D.D.C. July 15, 2015) ....................................................... 8

*Wildearth Guardians v. Salazar*,
272 F.R.D. 43 (D.D.C. 2010) ...................................................................... 8, 9, 10

**Rules**

Fed. R. Civ. P. 24(a) ................................................................................ 7, 8, 9, 10

Fed. R. Civ. P. 24(b)...................................................................................................10, 11

Fed. R. Civ. P. 26(b)(1) ....................................................................................................... 7

Fed. R. Civ. P. 26(b)(3)(B)................................................................................................. 13

Fed. R. Civ. P. 45(d)(3) ....................................................................................................... 7

Blake Lively and Ryan Reynolds (the "Lively Parties"), by their undersigned counsel, hereby submit this memorandum of law in support of (I) their motion to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Rule" or "Rules") for the limited purpose of challenging a third-party subpoena *duces tecum* ("Subpoena")[1] served on Venable LLP ("Venable") by Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni ("Baldoni"), Jamey Heath ("Health"), It Ends With Us Movie, LLC, Steve Sarowitz ("Sarowitz"), Melissa Nathan ("Nathan"), and Jennifer Abel ("Abel") (together, "Wayfarer Parties")[2] in the consolidated cases captioned *Lively v. Wayfarer Studios*, *et al.*, 1:24-cv-10049 (S.D.N.Y.) (the "Lively Action") and *Wayfarer Studios LLC, et al. v. Lively, et al.*, 1:25-cv-00449 (S.D.N.Y.) (the "Wayfarer Action") (together, "Actions"); (II) their joinder of the Rule 45 motion to quash filed by Venable; and (III) their motion to quash the Subpoena or, in the alternative, for a protective order pursuant to Rule 26(c).

## INTRODUCTION

Ms. Lively initiated litigation against the Wayfarer Parties in the Southern District of New York in connection with sexual harassment she and others experienced while filing the movie *It Ends With Us* (the "Film"), and subsequent unlawful retaliation designed to "bury" her for speaking out. The Wayfarer Parties immediately filed a separate lawsuit against Ms. Lively and her husband, Mr. Reynolds, along with others, including *The New York Times*. In the course of discovery, the Wayfarer Parties served the Subpoena on Venable—a law firm that does not represent any party to the Actions and, as of the date of service, did not represent any third party served with discovery in either of the Actions—seeking *all* communications about the litigation

---

[1]  *Venable LLP v. Wayfarer Studios, et. al.*, 1:25-mc-00060 (D.D.C.), ECF No. 1-1.

[2]  For purposes of this Motion, Wayfarer Parties also includes The Agency Group PR LLC ("TAG"), who is a defendant in the 24-cv-10049 matter but not a plaintiff in 25-cv-00449.

between Venable and other attorneys who represent the Lively Parties, including *all* communications, without limitation, between certain specific attorneys. None of the more than *250* requests for production that the Wayfarer Parties have served on the Lively Parties in the underlying litigation have asked for this information. Thus, the only conceivable interpretation of the Wayfarer Parties' decision to subpoena Venable is that they hoped to obtain the communications of their own opposing counsel via a third-party subpoena. In response to attempts to confer relating to the Subpoena, the Wayfarer Parties implied that they "intended to work" solely with Venable, and not undersigned counsel, and therefore did not need to explain how the Subpoena possibly could be relevant to any claims or defenses in the Actions, stating only that the "purpose of the subpoena is to require production of documents relevant to this case." But the Wayfarer Parties must explain to this Court why they are seeking opposing counsel's communications from a third-party law firm, including why they are relevant to any claims or defenses and how any responsive, relevant materials would not be protected work product. The Court should not condone the Wayfarer Parties' abuse of the discovery process. Instead, this Court should permit the Lively Parties to intervene (*infra* § I), and should quash the subpoena (*infra* § II) or, in the alternative, enter a protective order (*infra* § III).

## **BACKGROUND**

### A. Ms. Lively Initiated The Lively Action To Seek Accountability For Sexual Harassment And A Retaliation Campaign Designed to "Bury" Her.

Ms. Lively is an actress and entrepreneur who starred in the Film, which Justin Baldoni directed and which Wayfarer—the movie studio Baldoni co-founded with his billionaire business partner, Sarowitz—produced and owns. ECF No. 84[3] ¶¶ 56–58, 60. As alleged in the Lively Complaint, Ms. Lively endured (and observed) a pattern of sexually harassing behavior on the set

---

[3] Unless otherwise indicated, ECF citations refer to the docket in No. 24-cv-10049.

of the Film by Baldoni and Heath, Wayfarer's Chief Executive Officer.  For example, the Lively Complaint alleges that Baldoni: divulged information about his sex life; made derogatory, degrading, and sexual comments; described his own genitalia; improvised unwanted intimacy that had not been rehearsed, choreographed, or discussed with Ms. Lively in advance; added graphic content to the script, including multiple new scenes with nudity, and an on-camera orgasm; and added unscripted nudity to a birthing scene for which he cast his friend as Ms. Lively's OBGYN. *Id.* ¶¶ 7, 79–109.  Ms. Lively raised those concerns in real time, which resulted in a signed contractual rider comprised of 17 specific protections to ensure a safe set for the cast and crew and which included a mandate that Baldoni, Heath, Wayfarer, and others not retaliate against Ms. Lively "for raising concerns about the conduct described in th[e] letter or for the[] requirements." *Id.* ¶ 150.

Notwithstanding the agreement not to do so, the Wayfarer Parties launched a campaign to retaliate against Ms. Lively for speaking out, with Sarowitz vowing to spend "$100 million" to ruin Ms. Lively's and her family's lives.  *Id.* ¶¶ 26, 169; *see generally id.* ¶¶ 183–312.  The Lively Complaint includes texts among Abel and Nathan explaining the purpose of the effort and what Mr. Baldoni hope to achieve:

Abel:      " . . . I think you guys need to be tough and show the strength of what you guys can do in these scenarios. ***He wants to feel like she can be buried***."

Nathan:   "Of course- but you know when we send over documents ***we can't send over the work we will or could do because that could get us in a lot of trouble***.

***We can't write it down to him.  We can't write we will destroy her.***  We will go to this.  We will do this.  We will do this.  We will do this. […]

He has to look at it as an information document for us to be armed with.  That's all . [*sic*] ***Imagine if a document saying all the***

3

*things that he wants ends up in the wrong hands*.”

*Id.* ¶ 33 (emphasis and ellipses added).  Nathan followed with a text: “*you know we can bury anyone [sic] But I can't write that to him.*”  *Id.* ¶ 34 (emphasis added).  In early August 2024, the Wayfarer Parties decided to “*put the social combat plan*” into “motion.”  *Id.* ¶ 215 (emphasis added).  This campaign has been devasting to Ms. Lively, including by causing substantial harm to Ms. Lively, her family, as well as her businesses and all the people who work at each of them.  *Id.* ¶¶ 324–52.

Ms. Lively commenced litigation to hold the individuals and entities responsible accountable.  She first filed an administrative complaint with the California Civil Rights Department (“CRD”) and, upon receiving the CRD's permission, initiated the Lively Action on December 31, 2024.  The operative complaint asserts fifteen causes of action, including sexual harassment, retaliation, failure to investigate, aiding and abetting harassment and retaliation, breach of contract, infliction of emotional distress, false light, defamation, and civil conspiracy.  *Id.* ¶¶ 353–482.  Ms. Lively is represented by attorneys at Willkie Farr & Gallagher LLP, including Michael J. Gottlieb, and at Manatt, Phelps & Phillips, LLP.  *Id.* at 137–38.

### B.  Certain Of The Wayfarer Parties Initiated Their Own Action, And Served The Subpoena On Venable Seeking The Communications Of Ms. Lively's Lawyers.

On January 16, 2025, the Wayfarer Parties (minus TAG and Sarowitz) filed suit against the Lively Parties, their publicist, Leslie Sloane, and Ms. Sloane's press relations company, Vision PR, Inc., alleging extortion, defamation, false light invasion of privacy, breach of the implied covenant of good faith and fair dealing and various tort claims.  ECF No. 1 ¶¶ 287–345.  On January 31, 2025, Wayfarer, Baldoni, Heath, Nathan and Abel filed their first amended complaint against the same counter-defendants, and added Sarowitz as another plaintiff and The New York Times Company (the “NYT”) as an additional defendant.  ECF No. 50 (“FAC”).  The allegations

in the FAC are substantially the same as in the January 16 Complaint, except that they added counts for promissory fraud and breach of contract against the NYT. *Id.* ¶¶ 375–91.

On April 28, 2025, Defendant Abel served a notice of intent to subpoena Venable for the following information:

> **REQUEST FOR PRODUCTION NO. 1:**
> All COMMUNICATIONS between YOU, including without limitation BALDRIDGE, and the LIVELY PARTIES, including without limitation their counsel, CONCERNING the ACTION.
>
> **REQUEST FOR PRODUCTION NO. 2:**
> All DOCUMENTS CONCERNING COMMUNICATIONS between YOU, including without limitation BALDRIDGE, and the LIVELY PARTIES, including without limitation their counsel, CONCERNING the ACTION.
>
> **REQUEST FOR PRODUCTION NO. 3:**
> All COMMUNICATIONS between BALDRIDGE and GOTTLIEB CONCERNING Blake Lively from June 1, 2024, to the present.

Subpoena at 10.[4] The Subpoena defines "You" to mean "Venable LLP and any of its partners, members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf." *Id.* at 3. It defines the "Lively Parties" as: "Blake Lively and Ryan Reynolds well [*sic*] as their employees, representatives, agents, subsidiaries, affiliates, accountants, ***attorneys***, successors, predecessors-in-interest, and anyone else acting or purporting to act on their behalf." *Id.* (emphasis added). "Baldridge" refers to J. Douglas Baldridge, a partner at Venable, and "Gottlieb" refers to undesigned counsel for Ms. Lively. As to both Baldridge and Gottlieb, the Subpoena defines them

---

[4] While the Notice of Intent to serve indicates Defendant Abel issued the Subpoena, the Subpoena itself references all of the Wayfarer Parties.

to include "anyone else acting or purporting to act on his behalf or who has acted or purported to act on his behalf." *Id*. [5]

On May 2, 2025, counsel for the Lively Parties emailed counsel for the Wayfarer Parties about the Subpoena, stating:

> "We are in receipt of the subpoena to Venable that you noticed on Monday, April 28 ('Venable Subpoena'). We are evaluating whether we intend to object, and it would be useful to understand your position on the following two topics in order to make that determination. *First*, please explain how the information requested in the Venable Subpoena is potentially relevant to any of the parties' claims or defenses. *Second*, please provide all legal authority that supports subpoenaing a law firm—particularly one that does not represent any third party served with any discovery in connection with this matter—for communications with opposing counsel."

Ex. A. [6] Counsel for the Wayfarer Parties refused to answer either question—insisting they would "work directly with Venable and its counsel"—and upon follow up stating only that the "purpose of the subpoena is to require production of documents relevant to this case." *Id*.

On May 12, 2025, Venable initiated this proceeding and moved this Court for an order to quash the Subpoena (ECF No. 1; No. 25-mc-00060 (D.D.C.); the "Venable Motion"). The Lively Parties join in the Venable Motion and file the instant Motion to intervene in this matter for the limited purpose of moving to quash the Subpoena because it seeks irrelevant information and jeopardizes the Lively Parties' privacy interests.

---

[5] As defined in the Subpoena, the "Action" refers to the lawsuits entitled *Blake Lively v. Wayfarer Studios, LLC et al.*, 1:24-cv-10049-LJL, and *Wayfarer Studios, LLC et al. v. Blake Lively et al.*, 1:25-cv-00449-LJL, as well as the facts and circumstances giving rise thereto." *Id*.

[6] Exhibit A is a true and correct copy of an email with the subject line "Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, No. 1:25-cv-00449-LJL - NOTICE OF INTENTION TO SERVE SUBPOENA," dated May 9, 2025, between counsel for the Wayfarer Parties and counsel for Lively Parties.

## LEGAL STANDARD

Discovery is presumptively limited to information "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Indeed, "[t]he discovery rules . . . are not an open-ended invitation to subject a party to irrelevant, unduly burdensome, or otherwise improper discovery requests." *Andrades v. Holder* 286 F.R.D. 64,66 (D.D.C. 2012). To that end, Rule 26(c) provides that a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (Rule 26(c)(1) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required").

Federal Rule of Civil Procedure 45 provides that "the court for the district where compliance is required must quash or modify a subpoena that," among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). In determining whether to "tailor discovery narrowly," including by quashing or modifying a subpoena under Rule 45, this Court "has broad discretion." *Petty v. Am. Fed'n of Gov't Emps.*, No. CV 21-3161 (CKK), 2022 WL 22716556, at *4 (D.D.C. Jan. 21, 2022); *see also Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984) ("A trial court has broad . . . discretion in evaluating the circumstances of a case when considering quashing a subpoena on grounds of oppressiveness.").

## ARGUMENT

### I.    THE LIVELY PARTIES ARE ENTITLED TO INTERVENE IN THESE PROCEEDINGS TO CHALLENGE THE SUBPOENA.

#### A. The Lively Parties Are Entitled To Intervene As A Matter Of Right Under Rule 24(a).

The Lively Parties are entitled to intervene in these proceedings as a matter of right. Federal Rule of Civil Procedure 24(a) provides that, "[o]n timely motion, the court must permit

anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).  In considering whether intervention is required under Rule 24(a), courts consider "(1) the timeliness of the motion; (2) whether the applicant 'claims an interest relating to the property or transaction which is the subject of the action;' (3) whether 'the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest'; and (4) whether 'the applicant's interest is adequately represented by existing parties.'" *Western Org. of Res. Council v. Jewell*, 2015 WL 13711094, at *4 (D.D.C. July 15, 2015) (citations omitted). Here, those factors compel the conclusion that the Lively Parties must be permitted to intervene as of right.

*First*, the Lively Parties application to intervene is timely.  Indeed, it could hardly have been filed earlier; the Lively Parties filed this motion virtually contemporaneously with Venable initiating this proceeding.  The Lively Parties' intervention accordingly will not disrupt the timing of these proceedings, much less "to the unfair detriment of the existing parties." *100Reporters LLC v. D.O.J.*, 307 F.R.D. 269, 275 (D.D.C. 2014) (cleaned up).

*Second*, the Lively Parties have a legally protected interest in these proceedings. This "test operates in large part as a 'practical guide,' with the aim of disposing of disputes with as many concerned parties as may be compatible with efficiency and due process." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 12–13 (D.D.C. 2010) (citation omitted).  As is well established, a party may move to quash or modify a subpoena directed to a third party where the subpoena "directly implicates the party's privilege or rights." *Albany Molecular Rsch., Inc. v. Schloemer*, 274 F.R.D. 22, 25 (D.D.C. 2011).  Here, the Lively Parties seek to intervene to challenge a subpoena that

"seeks the release of documents that," to the extent they are relevant at all, may "contain the [Lively Parties'] confidential information," along with their attorney's work product.[7] *United States v. AT&T*, 642 F.2d 1285, 1291 (D.C. Cir. 1980) (applicant "certainly alleged an interest in the protection of its work product" when documents were created in anticipation of litigation against defendant in another jurisdiction); *see id.* at 1292 ("Privileges such as the work product privilege satisfy this definition of legal interest and can be directly lost through the operation of a discovery order"); *100Reporters LLC*, 307 F.R.D at 277–78 ("federal courts regularly have recognized preserving confidentiality as a sufficient interest under Rule 24(a)" (collecting cases)); *c.f. Alexander v. F.B.I.*, 186 F.R.D. 21, 31 (D.D.C. 1998) (the party, not the law firm, "is the appropriate party entitled to intervene to preserve the protections afforded by . . . the work product doctrine").

*Third*, there can be no serious dispute that permitting the Lively Parties' litigation opponents access to the Lively Parties' counsel's private and confidential communications with other attorneys would harm the Lively Parties' interests.  In determining whether an applicant's interests will be impaired, courts in this circuit look to the "'practical consequences' that the applicant may suffer if intervention is denied" *100Reporters LLC*, 307 F.R.D. at 278–79 (citations omitted).

*Fourth*, no existing party can adequately represent or protect the Lively Parties' interests here.  As "the Supreme Court has explained[,] . . . the adequate representation requirement of Rule

---

[7] For similar reasons, there can be no dispute that the Lively Parties have Article III standing to intervene in this proceeding.  *100Reporters LLC*, 307 F.R.D. at 281 (The "standing analysis for intervention as of right generally is treated as equivalent to determining whether the intervenor has a 'legally protected' interest under Rule 24(a)."); *Wildearth Guardians*, 272 F.R.D. at 13 n.5 ("when a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and *vice versa*" (citations omitted)).

24(a) 'is satisfied if the applicant shows that representation of his interest may be inadequate; and [that] the burden of making that showing should be treated as minimal.'" *MGM Global Resorts Dev. v. U.S. Dep't of the Interior*, 2020 WL 5545496, at *5 (D.D.C. Sept. 16, 2020) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Given the unique harm and exposure of the Lively Parties here, and the low burden on the applicant, this element is easily satisfied. Venable is not a party to the Actions and does not represent a party to the Actions. And importantly, Venable does not represent the Lively Parties or have the same interest in protecting their interests in their litigation against the Wayfarer Parties. The fact that Venable has *some* interest in resisting the subpoena is not enough. *See, e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003) ("Although there may be a partial congruence of interests, that does not guarantee the adequacy of representation."); *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967) ("The tactical similarity of the present legal contentions . . . does not assure adequacy of representation or necessarily preclude the [applicant] from the opportunity to appear in his own behalf."); *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (describing this requirement as "not onerous"); *Wildearth Guardians*, 272 F.R.D. at 13 ("intervenor's burden here is *de minimis*"). In sum, the Lively Parties readily meet each of the elements under Rule 24(a) and are entitled to intervene in this action as a matter of right.

### B. In The Alternative, This Court Should Permit The Lively Parties To Intervene Under Rule 24(b).

Even if intervention were not mandatory under Rule 24(a), the Lively Parties would be entitled to permissive intervention under Rule 24(b) because they have "a claim or defense that shares with the main action a common question of law or fact," and "the intervention does not 'unduly delay or prejudice the adjudication of the rights of the original parties.'" *Convertino v. D.O.J.*, 674 F. Supp. 2d 97, 108 (D.D.C. 2009) (quoting Fed. R. Civ. P. 24(b)(1)(3)). "Permissive

intervention is an inherently discretionary enterprise that affords the Court wide latitude." *Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*, 331 F.R.D. 5, 9 (D.D.C. 2019) (cleaned up).

Here, the Lively Parties have a claim or defense that shares common questions of law or fact with Venable—namely, whether the Subpoena should be quashed or modified, including because it seeks irrelevant information that is disproportionate to the needs of the case in which the Lively Parties are parties. *See 100Reporters LLC*, 307 F.R.D. at 286 (noting common questions of law and fact exist when parties hold "identical legal positions"); *see also True the Vote, Inc. v. I.R.S.*, 2024 WL 2803332, at *3 (D.D.C. May 31, 2014) (this Circuit has "'eschewed strict readings of the phrase 'claim or defense' and embrace[s] 'a flexible reading of Rule 24(b)' when the proposed third-party intervention does not fit the mold of a non-litigant seeking to stake a claim in an ongoing civil action" (citation omitted)). *Second*, as discussed above, *supra* at 8, the Lively Parties' intervention cannot cause undue delay or prejudice when their application for intervention was filed nearly contemporaneously with this action, and the Lively Parties and Venable are "likely to assert similar arguments," albeit not identical ones. *Elec. Priv. Info. Ctr. v. F.T.C.,* 2019 WL 11307643, at *1 (D.D.C. Aug. 28, 2019) (intervenor entering action early and with overlapping positions to an original party will "contribute to . . . the just and equitable adjudication of the legal question presented").

## II.    THE LIVELY PARTIES JOIN IN THE VENABLE MOTION, AND MOVE THE COURT TO QUASH THE SUBPOENA FOR THE REASONS ARTICULATED THEREIN.

The Lively Parties join in, and hereby incorporate by reference, the arguments raised in the Venable motion and provide additional support here. The Venable Subpoena seeks material that, by the terms of the Subpoena itself, would exist in the possession of the Lively Parties. But the Wayfarer Parties have not even attempted to obtain this material through party discovery in the underlying Actions—*none of the __253__ Requests for Production that they have served to date*

11

*requests communications between Ms. Lively's attorneys with or among any individual at Venable*—indeed, notwithstanding having submitted more than 250 Requests for Production and numerous third-party subpoenas, the Wayfarer Parties have not used any of this prior discovery to request this information.  The Wayfarer Parties have chosen instead to seek any such documents or communications from a third-party law firm that has not appeared in the Actions—an obvious fishing expedition to perform an end run around the discovery process in the Southern District of New York and deprive the Lively Parties from the opportunity to object to an attempt to obtain their attorneys' communications.

As discussed *supra*, the Wayfarer Parties have not, because they cannot, explain how the Subpoena is calculated to yield material relevant to the pending Actions.  They simply claim, without providing any details sufficient for the Lively Parties to ascertain *how or why* the information sought is relevant, that the "purpose of the subpoena is to require production of documents relevant to this case." *Supra* at 6.  The failure to explain how the Subpoena is calculated to yield material relevant to the pending Actions alone justifies quashing the Subpoena.  *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak*, 276 F.R.D. 376, 382–84 (D.D.C. 2011) (granting motion to quash where issuing party does not indicate what benefit the information sought would provide or the defenses for which it seeks the subpoenaed information)*; Phillips & Cohen, LLP v. Thorpe*, 300 F.R.D. 16, 17–18 (D.D.C. 2013) (quashing subpoena against law firm seeking "documents which are of no conceivable relevance" in the underlying action); *In re Non-Party Subpoena to Ctr. for Study of Soc. Pol'y*, 659 F. Supp. 3d 54, 59 (D.D.C. Mar. 7, 2023) (quashing subpoena where document requests "bear little apparent connection" to issuing party's defenses).

It is difficult to understand how the material sought *could* be relevant to any party's ability to prove the claims and defenses in the Actions. Venable is not a party in the Actions, does not represent a named party, and, as of the date of service, did not represent any third party served with discovery in the Actions. Nor do the Wayfarer Parties allege that Venable, or Baldridge in particular, has any personal knowledge relevant to proving any fact at issue in the Actions. But if *arguendo* any documents existed that were both responsive to the Subpoena and relevant to the pending Actions, that material would *by definition* be attorney work product—attorney communications made in anticipation of litigation, containing attorney thoughts, mental impressions, and strategy—and not discoverable. Fed. R. Civ. P. 26(b)(3)(B).

Only two months ago, the Wayfarer Parties objected to a third-party subpoena on the grounds that it sought the *Wayfarer Parties*' phone records in a manner that was "overbroad" and violated Rule 26's "overriding relevance requirement." ECF No. 83 (internal quotation marks omitted). The Court granted that motion, holding that the subpoena provided no way to segregate any relevant responsive material from material "that would have no relevance and would reveal sensitive personal information." *Lively v. Wayfarer Studios LLC*, 2025 WL 662896, at *2 (S.D.N.Y. Feb. 28, 2025). So too here, the Subpoena "directly implicates" the Lively Parties' "privilege or rights" and, therefore, confers standing to join Venable's motion to quash. *Albany Molecular Rsch., Inc.*, 274 F.R.D. at 25; *accord Sussman v. Financial Guards, LLC*, No. 15-CV-2373, 2017 WL 11672894, at *3–4 (E.D. La. Dec. 12, 2017) (plaintiff had standing to challenge subpoenas seeking attorney communications). For the reasons explained in the Venable Motion, which the Lively Parties expressly join and adopt, and those added here, the Court should quash the Subpoena.

## III.    IN THE ALTERNATIVE, THE COURT SHOULD ENTER A PROTECTIVE ORDER TO PROTECT THE LIVELY PARTIES' INTERESTS.

In the alternative, the Court should grant a protective order to protect the Lively Parties' interests. *Danzy v. IATSE Loc. 22*, No. CV1702083RCLRMM, 2020 WL 6887651, at *6–7 (D.D.C. Nov. 23, 2020) ("a party may seek a protective order to limit discovery directed to a third party if it believes that the information sought falls outside the scope of discovery, is clearly irrelevant, or fails to comply with discovery deadlines") (citing cases).   The Wayfarer Parties' "failure to demonstrate what relevant information or documents [non-party attorneys'] files contains . . . creates an undue burden" that requires relief in the form of a protective order. *Davidson v. Gov't Emps. Ins. Co.*, No. 8:09-CV-727-T-33MAP, 2010 WL 11507180, at *2 (M.D. Fla. Mar. 19, 2010); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (protective order appropriate to prevent discovery that is not relevant to "any claims or defenses raised" in the case); *DNC Parks & Resorts at Yosemite, Inc. v. United States*, 137 Fed. Cl. 708, 711 (2018) (granting motion for protective order where "the discovery sought by defendant is not relevant to the claims and defenses presently before the court"); *In re Gold King Mine Release in San Juan Cnty., Colorado on Aug. 5, 2015*, No. 1:18-MD-02824-WJ, 2022 WL 5178406, at *2 (D.N.M. Mar. 30, 2022) (granting motion for protective order where information sought is "not relevant or proportional to the needs of this case because the burden of responding to the subpoena outweighs its likely benefit"); *Mallak v. Aitkin Cnty.*, No. 13-CV-2119 (DWF/LIB), 2016 WL 9088760, at *11 (D. Minn. Dec. 22, 2016) (granting motion for protective order where "the information Plaintiff seeks is irrelevant to the issues in the present case").

## **CONCLUSION**

For the foregoing reasons, the Court should permit the Lively Parties to intervene in this

proceeding and should enter an order quashing the Subpoena, or, in the alternative, grant a

protective order.

Dated:  May 13, 2025

Respectfully submitted,

/s/ Meryl C. Governski
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Kristin E. Bender (1630559)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan (1047269)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

15